# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-3423

_____

Rodney E. Washington,

*Plaintiff - Appellant,*

v.

American Airlines, Inc.,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: September 11, 2014
Filed: March 26, 2015

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Rodney Washington appeals from the district court's[1] grant of summary judgment in favor of American Airlines on his claims of employment discrimination based on race under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42

_____

[1] The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

U.S.C. § 2000e *et seq.*, and the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.* Because there is no genuine issue of material fact for trial on these claims, we affirm.

## I.

Washington, an African-American, has been employed by American Airlines since 2002, when American Airlines acquired the company for which Washington had worked since 1974. Washington applied for the position of Machinist in August 2007, but was not promoted after the company's examiner concluded that Washington failed to complete satisfactorily an examination known as "MPG-1." Washington's lawsuit focuses on the examination.

The MPG-1 examination is a qualifying test that ensures employees "possess[] adequate job knowledge and skill." American Airlines requires applicants to complete successfully items selected by the examiner from among fifty-two possible tasks. The company's Qualifications Administration Manual provides that "[t]he Test Examiner is responsible for promptly scheduling . . . all parts of the test." A human resources manager for the company averred that "[a]pplicants for the Machinist position are required to schedule their own qualifying test at a time that is mutually convenient for the applicant and the tester." The company also maintained in an interrogatory answer that the examinations for the Machinist position in August 2007 were scheduled "in accordance with the availability of the employee, the tester and the subject matter expert."

Washington and five others submitted bids for the Machinist position in August 2007. In September, Justin Howard administered the MPG-1 examination to Washington, and concluded that Washington failed to complete it satisfactorily. Four other applicants, all Caucasian, were tested by a different examiner before Washington's examination, and all were successful. The sixth applicant, also

Caucasian, was tested by Howard after Washington's examination and failed the examination.

Howard tested Washington for more than four hours, including breaks, but terminated the examination when he concluded that Washington removed the bushing he was machining from a lathe before he had finished the perimeters. Washington claims that several employees laughed and made disparaging comments about his failure to complete the exam. The company's Manual provides that an employee "may have a witness of his choice present" during the exam. Before his exam, Washington requested that a union witness be present. At the company's behest, Kenneth Kerns, a subject matter expert, witnessed Washington's exam, but no union witness was present.

Washington exhausted administrative remedies and sued American Airlines in the district court. The district court granted the company's motion for summary judgment, reasoning that Washington had not demonstrated a submissible case under the federal statutes that American Airlines was motivated by race when it rejected Washington's application for promotion, or that race was a "contributing factor" in that decision for purposes of the Missouri statute. We review the district court's grant of summary judgment *de novo*. *Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 810 (8th Cir. 2005).

II.

Title VII provides that to "discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin" is an unlawful employment practice. 42 U.S.C. § 2000e-2(a). Section 1981 mandates that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens," and "can be violated only by purposeful discrimination."

*Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982). A plaintiff prevails under Title VII by showing that race was a "motivating factor" for an employment practice, 42 U.S.C. § 2000e-2(m); our precedent applies the same standard under § 1981. *Wrights v. St. Vincent Health Sys.*, 730 F.3d 732, 739 & n.6 (8th Cir. 2013). The factual record was fully developed in the district court on the company's motion for summary judgment, so we turn directly to whether there is a genuine issue of material fact for trial on the question of race discrimination *vel non*. *See U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983); *Johnson*, 424 F.3d at 810.

Washington asserts that the company's reason for not promoting him—failure to complete the MPG-1 examination satisfactorily—is a pretext for discrimination on the basis of race. According to Washington, irregularities with the administration and scheduling of his examination support an inference of race discrimination.

Washington alleges first that American Airlines departed from its policy on the scheduling of examinations and treated Washington differently than other applicants. The company's Manual, however, provides only for "promptly scheduling . . . the test." All applicants who submitted bids in August 2007 were tested promptly between August and September. Washington also complains that the company deviated from policy by not allowing him to select a witness of his choice at the exam, but he presented no evidence to support an inference that the company's choice of Kerns as a witness was rooted in racial animus.

Washington claims that American Airlines treated him differently than other applicants because he was tested second-to-last even though he was first to submit his bid. But the record does not support a finding of differential treatment: None of the other applicants was scheduled for an examination in the order of bid submission. The last applicant to submit his bid was tested third, the penultimate applicant was tested first, and the third applicant was tested last.

Washington asserts that the MPG-1 examination is too subjective, and that the company permitted examiner Howard to find that Washington had not machined the bushing correctly even though the company provides no guidelines for machining a bushing. That an examiner may employ subjective impressions when evaluating a process for machining, however, is not sufficient by itself to show discrimination based on race. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1049-50 (8th Cir. 2011) (en banc). Washington also contends that Howard was unqualified to conduct the examination. Yet whatever Howard's qualifications, Washington cites no evidence that the company assigned Howard to conduct Washington's examination because of race or that Howard administered the examination in a racially discriminatory fashion. Howard, moreover, also determined that a Caucasian applicant failed to complete the MPG-1 examination satisfactorily in September 2007, so Howard's work with this applicant pool does not suggest that his negative evaluation of Washington was based on race.

Washington complains that his examination did not last as long as the examinations afforded other applicants, but the evidence shows that Howard terminated Washington's examination early because he concluded that Washington improperly removed the bushing from the lathe, not because of race. Likewise, there is no evidence that any laughter or disparaging comments from other employees about Washington's failure on the examination were based on race.

Washington relies on the same evidence described above to challenge the district court's dismissal of his race discrimination claim under the Missouri Human Rights Act. Although use of race as a "contributing factor" is sufficient to establish a violation of the state statute, *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 819-20 (Mo. 2007) (en banc), the same reasons discussed with respect to the

federal claims also support the district court's conclusion that Washington could not meet the standard for a claim of race discrimination under Missouri law.

\*     \*     \*

The judgment of the district court is affirmed.

_____